IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
CHRISTIAN BOURIEZ, et al,        )
                                 )
          Plaintiffs,            )
                                 )
             vs.                 )   Civil Action No. 02-2104
                                 )
                                 )   Judge Arthur J. Schwab/
                                 )   Magistrate Judge Sensenich
CARNEGIE MELLON UNIVERSITY,      )
                                 )
          Defendant.             )
                                 )
```

**MEMORANDUM ORDER**

          Plaintiffs filed a Motion to Strike Filings in

Opposition to Plaintiffs' Motion for Summary Judgment and a Brief

in Support of the Motion on May 27, 2005. (Doc. # 83 and 84).

Defendant filed a Motion to Strike Plaintiffs' Motion to Strike

Filings in Opposition to Plaintiffs' Motion for Summary Judgment

in response and a brief on June 9, 2005. (Doc. # 85 and 86).

Plaintiffs replied on July 1, 2005. (Doc #91).


**I. Background**

          Plaintiffs' Motion to Strike challenges the

admissibility of twenty-nine documents contained in Defendant's

Appendix in support of its Brief in Opposition to Plaintiffs'

Motion for Summary Judgment,[1] all substantive references to the

_____

          [1] (Doc. #82) Exhibit numbers 6, 8, 11, 12, 15, 17, 19,
20, 23-31, 39, 41, 44, 56-61, 63, 66, and 68.

report of Dr. Kingston contained in Defendant's brief, and
Defendant's use of general lack of knowledge denials in its
Responsive Concise Statement of Material Facts.[2]  Plaintiffs'
primary objection to Defendant's filings was based upon
Defendant's failure to provide an affidavit or deposition
testimony from the document's author to verify the authenticity
of the documents. Plaintiffs' second objection challenges hearsay
statements in the documents, and in some instances hearsay within
hearsay.  Plaintiffs' third objection challenges Defendant's use
of general lack of knowledge denials as a violation of Local
Rules.

Defendant responded to Plaintiffs' Motion by asserting
that it received most of the challenged documents from Plaintiff
and therefore they do not require authentication.[3]  The remaining
exhibits were allegedly authenticated by deposition testimony,[4]
by distinctive characteristics or surrounding circumstances,[5] or

---

[2] (Doc. # 81).

[3] Exhibit numbers 8, 11, 15, 17, 20, 23, 25-31, 39, 41,
44, 57-61, 63, and 68.

[4] Exhibits 12 and 66.

[5] Exhibits 6, 19, 24 and 56. Defendant also stated that
it will "secure affidavits" for these documents in the interest
of judicial economy.  However, these affidavits were not
produced.

affidavits.[6]  Further, Defendant argues that the hearsay rule
does not prohibit the consideration of such evidence on summary
judgment if it could be admissible at trial.

Plaintiffs' Reply argues that Defendant's Response does
not provide any basis for admissibility of the challenged
documents, because authentication is only a preliminary
consideration. Plaintiffs assert that hearsay bars the admission
of the content of the challenged documents, and that some
documents contain multiple layers of hearsay.  Plaintiffs also
challenge Defendant's failure to address the issue of general
lack of knowledge denials in its Response, and request that all
facts which were improperly denied by Defendant be treated as
admissions that the fact is not disputed.


## III. Standard

Summary judgment may be granted against a party who
fails to adduce facts sufficient to establish the existence of
any element essential to that party's case, and for which that
party will bear the burden of proof at trial. Celotex Corp. v.
Catrett, 477 U.S. 317, 322 (1986). The moving party bears the
initial burden of identifying evidence which demonstrates the
absence of a genuine issue of material fact, but once that burden

---

[6] Exhibits 11, 23 and the expert report of Dr.
Kingston. Defendant filed with its Response to the Motion to
Strike the affidavits of Dr. Kingston and Mr. Portnoff.

has been met, the nonmoving party must set forth "specific facts showing that there is a genuine issue for trial" or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Indus. Corp. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The Motion to Strike challenges the admissibility of the documents relied upon in the Brief in Opposition to the Motion for Summary Judgment, and the pleading of facts in the responsive concise statement. When the admissibility of evidence is challenged, the party relying on the evidence must demonstrate that such evidence is capable of admission at trial before it can be considered on summary judgment. However,

> [t]his does not mean that the nonmoving party must produce evidence *in a form* that would be admissible at trial in order to avoid summary judgment. Obviously, Rule 56 does not require the nonmoving party to depose its own witnesses. Rather, Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves, and it is from this list that one would normally expect the nonmoving party to make the required showing that a genuine issue of material fact exists.

Lin v. Rohm and Haas Co., 293 F.Supp.2d 505, 511 (E.D.Pa. 2003), see also, Morgan v. Havir Manufacturing Co., 887 F.Supp. 759 (E.D.Pa. 1994); McGrath v. City of Philadelphia, 864 F.Supp. 466, 472-473 (E.D.Pa. 1994). Although evidence may be considered in a form which is inadmissible at trial, the content of the evidence

4

must be capable of admission at trial. It is clear that the party offering the evidence must demonstrate that it could satisfy the applicable admissibility requirements at trial before the evidence may be used on summary judgment. See Robinson v. Hartzell Propeller Inc., 326 F.Supp.2d 631 (E.D.Pa. 2004), and Henry v. Colonial Baking Co. of Dothan, 952 F.Supp. 744, 750 (M.D.Ala. 1996).

## III. Objections based upon Local Rules

The Local Rules require each party to submit a concise statement of undisputed material facts supported by "a particular pleading, deposition, answer to interrogatory, admission ion file or other part of the record supporting the party's statement, acceptance or denial of the material fact." W.D. PA. R. 56.1 (B)(1) (2005). Documents referred to in the concise statement must be included in an appendix. Id. at (B)(3). Additionally, by court order, the parties in this case were required to submitted a joint statement of material fact.[7] (Doc. # 79, 87 and 91).

The surmised purpose of Local Rule 56.1 is to aid the court in deciding a motion for summary judgment by identifying material facts and supporting documentation to determine whether or not the fact is disputed. See W.D. PA. R. 56.1 (2005). In

---

[7] Only eleven facts were deemed undisputed by the parties in this joint statement. (Doc. #91).

support of this purpose, the Local Rules expressly require that the party opposing a motion for summary judgment file a responsive concise statement of material facts which specifies whether the other party's statement of facts is admitted or denied, and sets forth in separately numbered paragraphs, the basis for such denial with citation to the record. W.D. PA. R. 56.1(C)(1)(2005). Documents referred to as support for the responsive concise statement shall be included in a appendix. Id. At 56.1 (C)(3).

It has been said, that "judges are not archaeologists. They need not excavate masses of papers in search of revealing tidbits--not only because the rules of procedure place the burden on the litigants, but also because their time is scarce." Northwestern National Insurance Company v. Baltes, 15 F.3d 660, 662-63 (7th Cir. 1994).

Defendant's Responsive Concise Statement of Material Fact denies averments in Plaintiffs' Concise Statement of Material Fact by alleging a lack of knowledge.  Plaintiffs challenged Defendant's "lack of knowledge" response because the facts alleged in Plaintiffs' concise statement were supported by express citation to the record evidence. Defendant did not address this issue in its Response to the Plaintiffs' Motion to Strike and has not cited support in the record as required by Local Rule 56.1(C)(1)(b).  Plaintiffs request the Court to treat

Defendant's general lack of knowledge denials as admissions that the facts are undisputed.

Defendant's failure to follow the Local Rules, and its failure to identify support in the record for its denials requires that its "lack of knowledge" denials be ignored and that Plaintiff's concise statement supported by record facts be accepted for the purposes of Plaintiffs' motion for summary judgment.  Specifically, the following facts contained in Plaintiffs' concise statement are deemed undisputed:

- Paragraph 3 in whole. The facts are supported by evidence of record, are not legal conclusions, and opposition was not supported by a Rule 56(f) affidavit, although it will be noted that RRT was the forerunner of GRT;

- Paragraph 5 in whole, Plaintiffs cite the deposition testimony of a CMRI employee to support its statement of fact and CMU does not cite any item of record to support its denial and opposition was not supported by a Rule 56(f) affidavit.  The court can not reconcile how CMU denies knowledge of what its employee testified to under oath;

- Paragraph 9 in whole because the fact of the receipt of the letter is asserted, not the truth of its contents and as such the paragraph does not contain legal

opinions, but actually quotes the contents of a letter which could be construed to provide legal opinions. Opposition was not supported by a Rule 56(f) affidavit or by citing facts of record;

- Paragraph 13 in whole. Defendant's denial is not responsive. Further the contents of a document in evidence cannot be disputed by a lack of knowledge denial without a Rule 56(f) affidavit, and the fact of Bouriez nominations to the board of GTC was not disputed in the joint statement of facts. The remaining allegations made in Defendant's response to the paragraph are unrelated to Plaintiff's assertions.

- Paragraph 17 in whole.  The source of Plaintiffs' fact is Defendant's employees and opposition was not supported by a Rule 56(f) affidavit.

- Paragraph 18 in whole.  CMU disputes the fact as stated. The fact is about a statement made to CMU. CMU fails to provide a factual basis for it's "as stated" dispute and opposition was not supported by a Rule 56(f) affidavit.

A denial based simply upon lack of information or belief in a concise statement is not treated as a denial. If the opposing party is unable to provide evidence in support of its

denial of fact it must file an affidavit pursuant to Federal Rules of Civil Procedure, Rule 56(f) explaining why it cannot adequately oppose the motion. FED. R. CIV. P 56(e).  Defendant has not filed such an affidavit.  Therefore, genuine issue of material fact is lacking without filing a Rule 56(f) affidavit as required by the Federal Rules.  The use of general "without knowledge" denials is inconsistent with both the Local Rules and the Federal Rules.

Therefore, Plaintiffs' Motion to Strike based upon Defendant's use of general lack of knowledge denials will be granted in part. Plaintiffs' request to Strike Carnegie Mellon's Responsive Statement of Material Facts located at document number 81 will be denied. Paragraph 11 contains a legal conclusion, and therefore this "fact" will be disregarded.  The statements contained within paragraph 3, 5, 9, 13, 17, and 18 will be deemed undisputed because of Defendant's use of general "lack of knowledge" denials without citing competent evidence to support its assertion that these items contain disputed facts, as required by the Local Rules or providing an affidavit as required by the Federal Rules.

## IV. Objections based upon Federal Rules of Evidence

Evidence that will be inadmissible at trial can not be considered when ruling on a motion for summary judgment.  See

<u>Pamintuan v. Nanticoke Memorial Hospital</u>, 192 F.3d 378, 388 (3d Cir. 1999).

Plaintiffs' Motion to Strike asserts two separate objections to the admissibility of the documents cited by Defendant in support of its opposition to the Plaintiffs' Motion for Summary Judgment.  The first assertion is that some of the proffered exhibits are not authenticated.  The second assertion is that some of the proffered exhibits are hearsay, while others contain multiple layers of hearsay. These objections seek to strike twenty-nine exhibits contained in Defendant's Appendix to its Responsive Concise Statement of Fact. (Doc. #82).

### A. Authentication

The Third Circuit Court has held that authentication under the Federal Rules of Evidence requires only a "foundation from which a fact-finder could legitimately infer that the evidence is what its proponent claims it to be." <u>In re Japanese Electronic Products Antitrust Litigation</u>, 723 F.2d 238, 285 (3d Cir. 1983), *rev'd on other grounds*, 475 U.S. 574 (1986). Authentication is controlled by the Federal Rules of Evidence, Rule 901 which provides that "authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." FED. R. EVID. 901(a).  Further, the

Federal Rules of Evidence allow authentication by unlimited means, including testimony of witness with knowledge, or based upon distinctive characteristics such as "appearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances." FED. R. EVID. 901(b).

Defendant seeks to authenticate the challenged documents by party-opponent production, deposition testimony and affidavits. Plaintiffs challenged the authentication of twenty-one documents which they produced to Defendant during discovery. Defendant argues that the production of these documents by Plaintiffs is a reliable basis for authentication, and in support of this argument cited applicable case law to this end. Plaintiffs countered this argument by asserting that when the author is a third party, production by a party-opponent is not a sufficient basis for authentication. Plaintiffs have not disputed that it produced documents 8, 15, 17, 20, 25-31, 39, 41, 44, 57-61, and 68.

Plaintiffs' argument is unsupported. Authentication evaluates the genuineness of a document, not its admissibility. See Orr v. Bank of America, NT & SA, 285 F.3d 764, 776 (9th Cir. 2002).  The proponent of evidence sufficiently authenticates a document by presenting evidence that demonstrates that the proffered document is what its proponent claims it to be. In re

Grey, 902 F.2d 1479 (10th Cir. 1990), and Fed. R. Evid. 901(a).
This does not require the author to authenticate a document, but
other facts and circumstances can provide ample basis for
authentication.  See Fed. R. Evid. 901(b). Plaintiffs produced
twenty one of the documents challenged, and therefore have
attested to the authenticity of the documents. The issue of third
party authorship is better characterized as a hearsay objection,
and will be addressed under that heading.

  Therefore, these documents were authenticated by
Plaintiffs' production during discovery. See generally United
States v. Doe, 465 U.S. 605, 614 n.13 (1984), United States v.
Lawrence, 934 F.2d 686, 870-72 (7th Cir. 1991), and United States
v. Brown, 688 F.2d 1112, 1114-15 (7th Cir. 1982).

  The remaining documents challenged on authenticity
grounds are exhibits 6 (an e-mail from Beekhuizen to Purta), 11
(an e-mail between Beekhuizen and Portnoff), 12 (two letters,
Cowhig to Bouriez and Grayson to Bouriez), 19 (an e-mail from
Grayson to Grayton), 23 (a memorandum from Portnoff to Purta and
Guzman), 24 (a letter from Grayson to Bouriez), 56 (an e-mail from
Cowhig t o Bouriez), 63 (an e-mail from Pinter to Bouriez and
others), 66 (meeting minutes from a meeting held on May 2, 2001
prepared by Pinter with Bouriez, Brassert and Blutcher in
attendance) and the expert report of Dr. Kingston which was not
submitted as an exhibit, but was referenced in Defendant's brief.

Defendant argues that exhibits 6, 19, 24 and 56 are admissible because these documents were produced by GTC in companion arbitration and markings identify the documents as belonging to GTC.  GTC is not a party to this case, and Defendant offered no other basis other than the document's relationship to GTC to authenticate these documents. See <u>Owners Ins. Co. v. James</u>, 295 F.Supp.2d 1354 (N.D.Ga. 2003) (Responses to discovery interrogatories that were filed in separate action and were not verified were inadmissible to raise issue of fact in opposition to summary judgment motion); and See <u>Orr v. Bank of America</u>, 285 F.3d 764, 777 (9th Cir. 2002)(Exhibit not authenticated by its production in a related case). Therefore, the alleged fact of production in another case, by a non-party does not establish authentication. Defendant notes that the documents have control numbers from GTC, however, these internal markings do not provide any basis for authentication of the documents.  The mere assertion that control numbers are those of a non-party, does not establish authenticity.  Exhibits 6 and 19 have not been authenticated because the documents are communications between non-parties, and Defendant has not produced the affidavits they promised.  Therefore, these exhibits are stricken.  Further, although exhibits 24 and 56 were received by Bouriez, they could have been authenticated by affidavits by their authors, and no

such affidavits were provided to the court.  Therefore, exhibits 24 and 56 will be stricken.

Exhibits 11 and 23 were authenticated by affidavit, but not by Bouriez' relationship with the authors of the documents. Defendant has provided no authority for establishing authenticity simply through the Plaintiffs' relationship to a document's author. Again, GTC is not a party to this case. Defendant has not demonstrated how the author's status vis-a`-vis Bouriez alone establishes that the documents are authentic. As such, this portion of the argument will be disregarded as unsupported.  The affidavits submitted to support these documents provide the sole remaining basis for authentication.   Defendant produced an affidavit from the recipient of exhibit 11, and the author of exhibit 23, Marc Portnoff. Therefore, these documents have been authenticated.

Exhibits 12, 66, and the expert report of Dr. Kingston were also challenged on authenticity grounds. Exhibit 12 contains letters received by Bouriez, which were authenticated by Bouriez deposition testimony on pages 253-54 of volume II of Bouriez' deposition held on November 10, 2004.  Although Bouriez never clearly stated that he received the letters, he discussed the content of the letters as if he had received them.  Therefore, his testimony supports the authentication of exhibit 12.  Exhibit 66 contains meeting minutes from a "meeting in Paris" on May 2,

2001 prepared by Pinter with Bouriez, Brassert and Blutcher in attendance. The authentication of this document was offered through the deposition testimony of Jean Francois Saglio. Although Saglio's deposition testimony clearly identifies the document located at exhibit 66, and states that Saglio received the document from Brassert, an attendee, the testimony does not provide a basis to show that the document is in fact a copy of the meeting minutes. Saglio's testimony does not provide a basis for authentication due to his own personal knowledge of the contents of the document or the meeting which the document purportedly memorialized. "A document can be authenticated by a witness who wrote it, signed it, used it, or saw others do so." Orr v. Bank of America, 285 F.3d 764, 774 (9th Cir. 2002). Saglio testified that he received the document from Brassert and it contained the "story of CMRI." Such testimony does not establish that Saglio wrote or signed the document, or saw others do so. To the extent that Saglio used the document as a notepad, it has been authenticated. Otherwise, a prima facie case of genuineness has not been established.

Finally, an expert report of Dr. Kingston has been authenticated by an affidavit submitted in response to Plaintiffs' objection. The court has the discretion to allow an affidavit to be submitted in this fashion, and therefore, the report of Dr. Kingston has been authenticated. However, the

report of Dr. Kingston was not submitted as a document contained within the appendix to the Defendant's responsive concise statement of facts and Defendant has not identified where in voluminous record it can be found.  Defendant cites the contents of this report multiple times in its brief in opposition to the motion for summary judgment. Thus, in order for a material issue of fact to be supported by citations to this report, a copy of the report must be provided to the court.

Therefore, Plaintiffs' Motion to Strike on authentication grounds is hereby granted as to exhibits 6, 19, 24, 56 and 66 in part, but denied as to exhibits 8, 15, 17, 20, 25-31, 39, 41, 44, 57-61, 66 in part, and 68.  All references to the expert report of Dr. Kingston will be struck if the report is not submitted as a supplement to the appendix by the 10th day of August, 2005.

### B. Hearsay

The documents which were the subject of Plaintiffs' Motion to Strike based upon authentication are also objected to on the basis of hearsay. Although a document is authenticated, the statements contained within the documents may be inadmissible due to the application of the rule which prohibits the use of hearsay evidence.  Hearsay is any statement offered for the truth of the statement or matter asserted. FED. R. EVID. 801.  A statement offered for its truth is inadmissible, unless it falls under a recognized exception to the prohibition against hearsay.

16

See Id. Non-hearsay statements are statements offered for a purpose other than the truth of the statement's contents, and such statements are fully admissible for that intended purpose. Id.

In this case twenty-nine exhibits, the expert report of Dr. Kingston, and statements allegedly made by Mr. Yates based upon a business plan are objected to based upon hearsay. Further, exhibits 23-25, 44, 56 and 68 have been objected to based upon asserted multiple layers of hearsay.

Defendant responded to these hearsay objections by stating that "[t]he Third Circuit [Court] has explained repeatedly that 'hearsay statements can be considered on a motion for summary judgment if they are capable of admission at trial.'" (Doc. #86 at 7, quoting Shelton v. University of Medicine & Dentistry of New Jersey, 223 F.3d 220, 223 n.2 (3d Cir. 2000) (citations omitted)). Defendant further asserts that it "is not now necessary to dissect each line of each exhibit to determine exactly the mechanism by which certain statements can be made admissible at trial." (Doc. #86 at 8). Additionally, Defendant stated that it "intends to produce witnesses at trial to testify regarding their statements as necessary. Additionally, many of the subject statements will be admissible, either as exceptions to the hearsay rule or because they are not offered for the truth of the matter asserted." Id. Finally, Defendant asserts that the oral statements of Mr. Yates can be considered because "they can

17

be reduced to admissible evidence at trial under various exceptions to the hearsay rule." Id. at 8, n. 11. In sum, Defendant argues that it's assertion that the statements will be admissible at trial, alone, is sufficient at the summary judgment stage to allow the challenged hearsay statements to be considered by the court.

The Eastern District of Pennsylvania concisely summarized the law in this area in Robinson v. Hartzell Propeller Inc.:

> Evidence in support of motion for summary judgment must be in a form as would be admissible at trial and thus must be reducible to admissible evidence. However, the Supreme Court has rejected the view that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment. Evidence that is capable of being admissible at trial can be considered on a motion for summary judgment. Thus, the Court may consider evidence that is not admissible in the submitted form if the party offering the evidence could satisfy the applicable admissibility requirements at trial. For example, hearsay evidence produced in an affidavit opposing summary judgment may be considered if the out-of-court declarant could later present that evidence through direct testimony, i.e. in a form that would be admissible at trial.

326 F.Supp.2d 631, 645 (E.D.Pa. 2004) (citations omitted)(quoting Williams v. West Chester, 891 F.2d 458, 466 (3d Cir. 1989), Celotex Corp. v. Catrett, 477 U.S. 317, 327(1986), and Philbin v. Trans Union Corp., 101 F.3d 957, 961 (3d Cir. 1996).

Defendant has not cited any authority for its argument that a blanket assertion that it will provide witnesses at trial defeats a hearsay objection at the summary judgment stage. Controlling authority does not suggest that an attorney's statement that many of the documents will be admissible defeats a hearsay objection. In fact, the cases suggest that a showing of whom will testify and the subject of the witness's testimony is required to defeat a hearsay objection.  "Hearsay evidence produced in an *affidavit* opposing summary judgment may be considered *if the out-of-court declarant could later present that evidence through direct testimony.*"  See <u>Robinson v. Hartzell Propeller Inc.,</u> 326 F.Supp.2d 631 (E.D.Pa. 2004). "[T]he mere possibility that hearsay statement will be presented in form of admissible evidence at trial does not warrant consideration of hearsay evidence at summary judgment stage."  <u>Henry v. Colonial Baking Co. of Dothan,</u> 952 F.Supp. 744, 750 (M.D.Ala. 1996). Defendant has not offered any showing in opposition to the hearsay objection beyond the statement that "many of the subject statements will be admissible..." nor cited any authority for its argument that its statement that its will provide witnesses at trial overcomes a hearsay objection to the evidence presented in opposition to a motion for summary judgment. (Doc. #86 at 8).

Further, it is well-established that "only evidence which is admissible at trial may be considered in ruling on a

motion for summary judgment." Countryside Oil Co., Inc. v.
Travelers Ins. Co., 928 F.Supp. 474, 482 (D.N.J. 1995); see also
Pamintuan v. Nanticoke Mem. Hosp., 192 F.3d 378, 388 (3d Cir.
1999). The Federal Rules of Civil Procedure provide that "the
pleadings, depositions, answers to interrogatories, and
admissions on file, together with the affidavits, if any..." can
be considered when deciding a motion for summary judgment. See
Fed.R.Civ.Pro. 56(c). Absent from this list of evidence is
documents produced during discovery.  Rule 56(e) of the Federal
Rules of Civil Procedure requires that affidavits submitted in
support of a summary judgment motion be made based upon personal
knowledge, set forth facts that would be admissible in evidence,
and show affirmatively that the affiant is competent to testify
to such matters.  FED. R. CIV. P. 56(e). An affidavit is one of
many ways that documentary evidence is authenticated for
admissibility. See FED. R. CIV. P.  901. Seemingly, if documents
are authenticated by affidavit, the documents are not just
authenticated, but the contents of the documents are capable of
admission by witness testimony as to the truth of the contents.
Conversely, if a document is authenticated by different means,
the contents of the documents will be admissible only if a
subscribing witness is able to testify competently as to the
content of the document over a hearsay objection.

Neither party has directed the Court's attention to any
authority regarding the burden of proof at the summary judgment

stage when documentary evidence is challenged by a hearsay
objection. A cursory review of the applicable case law reveals
that this issue is not often evaluated in published decisions. It
is clear that when considering a motion for summary judgement, a
court may only consider evidence which is admissible at trial,
and that a party can not rely on hearsay evidence when opposing a
motion for summary judgment.  See Buttice v. G.D. Searle & Co.,
938 F.Supp. 561 (E.D.Mo. 1996).  Additionally, a party must
respond to a hearsay objection by demonstrating that the material
would be admissible at trial under an exception to hearsay rule,
or that the material is not hearsay. See Burgess v. Allstate Ins.
Co., 334 F.Supp.2d 1351 (N.D.Ga. 2003). The mere possibility that
a hearsay statement will be admissible at trial, does not permit
its consideration at the summary judgment stage. Henry v.
Colonial Baking Co. of Dothan, 952 F.Supp. 744 (M.D.Ala. 1996).
Further, e-mail correspondence and letters have been deemed
inadmissible hearsay on a motion for summary judgment when
offered as proof of the matter it asserted, or when not supported
by an affidavit. See Stone and Michaud Ins., Inc. v. Bank Five
for Sav., D.N.H.1992, and Nokes v. U.S. Coast Guard, 282
F.Supp.2d 1085 (D.Minn. 2003).

        Therefore, due to Defendant's failure to identify how
the alleged hearsay statements could be admissible at trial,
Plaintiffs' Motion to Strike on hearsay grounds will be granted
in part. All documents unsupported by affidavit, including the

statements of Mr. Yates, and exhibits 6, 8, 15, 17, 19, 20, 24-30, 31, 39, 41, 44, 56, 57-61, and 63 will be stricken on hearsay grounds.  Exhibits 11, 12 and 66 will likewise be stricken, although supported by deposition testimony because the testimony does not provide the required showing that the individual has personal knowledge of the truth or accuracy of the contents of the documents. Exhibit 66 consists of meeting minutes which were authenticated by deposition testimony by a non-attendee, who merely stated that the document was received by an attendee and given to him. Exhibits 11 and 12 were authenticated by the testimony of the recipients of the letters, however the truth of the statements contained within can not be verified by an individual who merely received the document.  Finally, there is no evidence that exhibit 23, and Dr. Kingston's expert report constitute inadmissible hearsay because the authors of these documents have submitted authenticating affidavits. However, portions of exhibit 23 contain statements as to what other individuals had said.  Therefore, all references to the statements by Robert Beekhuizen and Arnold Yates are hearsay, as are the statements by the author Portnoff made to Beekhuizen and Yates which were then recorded in the letter.  As no exception to the hearsay rule has been established regarding these memorialized conversations, all references to these communications will be stricken.

Therefore,  Plaintiffs' Motion to Strike exhibits on the basis of hearsay will be granted as to the statements made by Mr. Yates and exhibits 6, 8, 11, 12, 15, 17, 19, 20, 23 in part, 24-30, 31, 39, 41, 44, 56, 57-61, 63 and 66, but denied as to the expert report of Dr. Kingston and exhibit 23 in part.


## ORDER

AND NOW, this 27th day of July, 2005;

IT IS HEREBY ORDERED that Plaintiffs' Motion to Strike Filings in Opposition to Plaintiffs' Motion for Summary Judgment be denied in part and granted in part with the following modifications.

Plaintiffs' Motion to Strike based upon Defendant's general lack of knowledge denials to facts which are supported by the record is granted in part. Plaintiffs' request to Strike Carnegie Mellon's individual statement of material facts located at document number 81 is denied. However, the statements contained within paragraph 3, 5, 9, 13, 17, and 18 will be deemed undisputed because of Defendant's use of general "lack of knowledge" denials without citing competent evidence to support its assertion that these items contain disputed facts without providing a Rule 56(f) affidavit as required by Federal Rules of Civil Procedure.

Plaintiffs' Motion to Strike on authentication grounds is granted as to exhibits 6, 19, 24, and 56 but denied as to

exhibits 8, 15, 17, 20, 25-31, 39, 41, 44, 57-61, 66, 68 and the expert report of Dr. Kingston.

Plaintiffs' Motion to Strike exhibits on the basis of hearsay is granted as to the statements made by Mr. Yates and exhibits 6, 8, 11,12, 15, 17, 19, 20, 24-30, 31, 39, 41, 44, 56, 57-61, 63 and 66 but denied as to exhibit 23 in part and the expert report of Dr. Kingston.

All references to the expert report of Dr. Kingston will be struck <u>if the report is not submitted as a supplement to the appendix by the 10th day of August, 2005.</u>

IT IS FURTHER ORDERED that Defendant's Motion to Strike Plaintiffs' Motion to Strike Filings in Opposition to Plaintiffs' Motion for Summary Judgment be denied.


<u>                             S/  IJS          </u>
                             ILA JEANNE SENSENICH
                             United States Magistrate Judge


cc:   David J. Laurent, Esq.
      BABST, CALLAND, CLEMENTS AND ZOMNIR, P.C.
      Two Gateway Center
      Pittsburgh, PA 15222

      James A. Vollins, Esq.
      SQUIRE, SANDERS & DEMPSEY
      127 Public Square
      4900 Key Tower
      Cleveland, OH 44114-1304

      George E. Yokitis, Esq.
      Mindy Shreve, Esq.
      DEFOREST KOSCELNIK YOKITIS & KAPLAN
      Koppers Building, 30th Floor

```
436 Seventh Avenue
Pittsburgh, PA 15219
```