**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHRISTIAN BOURIEZ, et al, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Civil Action No. 02-2104 |
| | ) |
| | ) Judge Arthur J. Schwab/ |
| | ) Magistrate Judge Sensenich |
| CARNEGIE MELLON UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM ORDER AMENDING**
**MEMORANDUM ORDER WHICH WAS DATED JULY 27, 2005**
**(DOCKET # 95)**

Defendant filed objections to the Memorandum Order dated July 27, 2005. (Doc. #99). Oral arguments were heard on August 18, 2005. After oral argument, this Amended Order is entered, finding that portions of exhibits 11 and 41 are admissible.

Plaintiffs filed a Motion to Strike Filings in Opposition to Plaintiffs' Motion for Summary Judgment and a Brief in Support of the Motion on May 27, 2005. (Doc. # 83 and 84). Defendant filed a Motion to Strike Plaintiffs' Motion to Strike Filings in Opposition to Plaintiffs' Motion for Summary Judgment in response and a brief on June 9, 2005. (Doc. # 85 and 86). Plaintiffs replied on July 1, 2005. (Doc #91). The Court entered a Memorandum Order on July 27, 2005 which granted in part and denied in part Plaintiffs' Motion to Strike. (Doc. # 97).

Objections were filed by Defendant, and Plaintiffs replied. (Docs. #99, 101). The Court added the issues presented in the objections to oral argument on the Motion for Summary Judgment, which was held on August 18, 2005. (See Doc. # 102).

For clarity and ease of review, the following is a replica of the original Memorandum Order issued on July 27, 2005, except for two minor adjustments reflecting the admissibility in part of exhibit 11 and supplemental exhibit 41 based upon an additional showing by Defendant in its Objections which overcome Plaintiffs' hearsay objections.  Additionally, this memorandum will specifically discuss Defendant's objections. Defendant directed the Court's attention to an error in striking supplemental exhibit number 41 in part, due to the fact that portions of that document contain statements made by the Plaintiff, which qualify as a party opponent admission. See FED.R.EVID. 801(d)(2)(A). Second, one sentence in exhibit 11 was argued to be a direction which was submitted not for the truth of the matter asserted, but for the fact that authorization was given. Therefore, the sentence in exhibit 11 which authorizes Marc Portnoff to proceed is admissible non-hearsay and the portions of exhibit 41 which were authored by Plaintiff are admissible. Defendant also argue that exhibit 44 is admissible as a statement by an agent of a party opponent. Plaintiffs counter that expert witnesses can not be agents, and that Defendant

2

failed to establish that Saglio was an agent of Plaintiffs. Defendant did not counter Plaintiffs' argument. Plaintiffs' arguments are well taken, and therefore, exhibit 44 will not be admitted.  Otherwise, this Amended Memorandum Order is identical to the original Order issued July 27, 2005.[1]

## I. Background

Plaintiffs' Motion to Strike challenges the admissibility of twenty-nine documents contained in Defendant's Appendix in support of its Brief in Opposition to Plaintiffs' Motion for Summary Judgment,[2] all substantive references to the report of Dr. Kingston contained in Defendant's brief, and Defendant's use of general lack of knowledge denials in its Responsive Concise Statement of Material Facts.[3]  Plaintiffs' primary objection to Defendant's filings was based upon Defendant's failure to provide an affidavit or deposition testimony from the document's author to verify the authenticity of the documents. Plaintiffs' second objection challenges hearsay

_____

[1] Some typographical corrections have been made and a section of the original Memorandum Order that dealt with the fact that the expert report of Dr. Kingston was not included in the appendix, could not be located by the court, has been removed. Defendant has identified the location of the report, and therefore, the prior discussion is moot.

[2] (Doc. #82) Exhibit numbers 6, 8, 11, 12, 15, 17, 19, 20, 23-31, 39, 41, 44, 56-61, 63, 66, and 68.

[3] (Doc. # 81).

statements in the documents, and in some instances hearsay within hearsay.  Plaintiffs' third objection challenges Defendant's use of general lack of knowledge denials as a violation of Local Rules.

Defendant responded to Plaintiffs' Motion by asserting that it received most of the challenged documents from Plaintiff and therefore they do not require authentication.[4]  The remaining exhibits were allegedly authenticated by deposition testimony,[5] by distinctive characteristics or surrounding circumstances,[6] or affidavits.[7]  Further, Defendant argues that the hearsay rule does not prohibit the consideration of such evidence on summary judgment if it could be admissible at trial.

Plaintiffs' Reply argues that Defendant's Response does not provide any basis for admissibility of the challenged documents, because authentication is only a preliminary consideration. Plaintiffs assert that hearsay bars the admission of the content of the challenged documents, and that some

---

[4] Exhibit numbers 8, 11, 15, 17, 20, 23, 25-31, 39, 41, 44, 57-61, 63, and 68.

[5] Exhibits 12 and 66.

[6] Exhibits 6, 19, 24 and 56. Defendant also stated that it will "secure affidavits" for these documents in the interest of judicial economy.  However, these affidavits were not produced.

[7] Exhibits 11, 23 and the expert report of Dr. Kingston. Defendant filed with its Response to the Motion to Strike the affidavits of Dr. Kingston and Mr. Portnoff.

documents contain multiple layers of hearsay.  Plaintiffs also
challenge Defendant's failure to address the issue of general
lack of knowledge denials in its Response, and request that all
facts which were improperly denied by Defendant be treated as
admissions that the fact is not disputed.

## III. Standard

Summary judgment may be granted against a party who
fails to adduce facts sufficient to establish the existence of
any element essential to that party's case, and for which that
party will bear the burden of proof at trial.  <u>Celotex Corp. v.
Catrett</u>, 477 U.S. 317, 322 (1986). The moving party bears the
initial burden of identifying evidence which demonstrates the
absence of a genuine issue of material fact, but once that burden
has been met, the nonmoving party must set forth "specific facts
showing that there is a genuine issue for trial" or the factual
record will be taken as presented by the moving party and
judgment will be entered as a matter of law.  <u>Matsushita Elec.
Indus. Corp. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

The Motion to Strike challenges the admissibility of
the documents relied upon in the Brief in Opposition to the
Motion for Summary Judgment, and the pleading of facts in the
responsive concise statement. When the admissibility of evidence
is challenged, the party relying on the evidence must demonstrate

that such evidence is capable of admission at trial before it can be considered on summary judgment. However,

> [w]e do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment. Obviously Rule 56 does not require the nonmoving party to depose her own witnesses.  Rule 56(e) permits a proper summary judgment motion to be opposed by any materials listed in Rule 56(c), except the mere pleadings themselves, and it is from this list that one would normally expect the nonmoving party to make the showing ... [that specific facts show that there is a genuine issue for trial].

Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)), see also Lin v. Rohm and Haas Co., 293 F.Supp.2d 505, 511 (E.D.Pa. 2003). Although evidence may be considered in a form which is inadmissible at trial, the content of the evidence must be capable of admission at trial. It is clear that the party offering the evidence must demonstrate that it could satisfy the applicable admissibility requirements at trial before the evidence may be used on summary judgment. See Robinson v. Hartzell Propeller Inc., 326 F.Supp.2d 631 (E.D.Pa. 2004), and Henry v. Colonial Baking Co. of Dothan, 952 F.Supp. 744, 750 (M.D.Ala. 1996).

## III. Objections based upon Local Rules

The Local Rules require each party to submit a concise statement of undisputed material facts supported by "a particular

6

pleading, deposition, answer to interrogatory, admission on file
or other part of the record supporting the party's statement,
acceptance or denial of the material fact." W.D. PA. R. 56.1
(B)(1) (2005). Documents referred to in the concise statement
must be included in an appendix. Id. at (B)(3).  Additionally, by
court order, the parties in this case were required to submit a
joint statement of material fact.[8] (Doc. # 79, 87 and 91).

　　　　　The purpose of Local Rule 56.1 is to aid the court in
deciding a motion for summary judgment by identifying material
facts and supporting documentation to determine whether or not
the fact is disputed. See W.D. PA. R. 56.1 (2005). In support of
this purpose, the Local Rules expressly require that the party
opposing a motion for summary judgment file a responsive concise
statement of material facts which specifies whether the other
party's statement of facts is admitted or denied, and sets forth
in separately numbered paragraphs, the basis for such denial with
citation to the record. W.D. PA. R. 56.1(C)(1)(2005). Documents
referred to as support for the responsive concise statement shall
be included in a appendix. Id. At 56.1 (C)(3).

　　　　　It has been said, that "judges are not archaeologists.
They need not excavate masses of papers in search of revealing
tidbits--not only because the rules of procedure place the burden

---

[8] Only eleven facts were deemed undisputed by the
parties in this joint statement. (Doc. #91).

7

on the litigants, but also because their time is scarce."
Northwestern National Insurance Company v. Baltes, 15 F.3d 660,
662-63 (7th Cir. 1994).

Defendant's Responsive Concise Statement of Material
Fact denies averments in Plaintiffs' Concise Statement of
Material Fact by alleging a lack of knowledge.  Plaintiffs
challenged Defendant's "lack of knowledge" response because the
facts alleged in Plaintiffs' concise statement were supported by
citations to the record. Defendant did not address this issue in
its Response to the Plaintiffs' Motion to Strike and has not
cited support in the record as required by Local Rule
56.1(C)(1)(b).  Plaintiffs request the Court to treat Defendant's
general lack of knowledge denials as admissions that the facts
are undisputed.

Defendant's failure to follow the Local Rules, and its
failure to identify support in the record for its denials
requires that its "lack of knowledge" denials be ignored and that
Plaintiff's concise statement supported by record facts be
accepted for the purposes of Plaintiffs' motion for summary
judgment.  Specifically, the following facts contained in
Plaintiffs' concise statement are deemed undisputed:

• 	Paragraph 3 in whole. The facts are supported by
	evidence of record, are not legal conclusions, and
	opposition was not supported by a Rule 56(f) affidavit,

although it will be noted that RRT was the forerunner
of GRT;

- Paragraph 5 in whole, Plaintiffs cite the deposition
testimony of a CMRI employee to support their statement
of facts and CMU does not cite any evidence to support
its denial and its opposition was not supported by a
Rule 56(f) affidavit.  The court can not reconcile
CMU's denial of its employee's testimony under oath;

- Paragraph 9 in whole because the fact of receipt of the
letter is asserted, not the truth of its contents and
therefore the paragraph does not contain legal
opinions, but actually quotes the contents of a letter
which could be construed to provide legal opinions.
Opposition was not supported by a Rule 56(f) affidavit
or by citation to facts of record;

- Paragraph 13 in whole. Defendant's denial is not
responsive. Further the contents of a document in
evidence cannot be disputed by a lack of knowledge
denial without a Rule 56(f) affidavit, and the fact of
Bouriez nominations to the board of GTC was not
disputed in the joint statement of facts. The remaining
allegations made in Defendant's response to the
paragraph are unrelated to Plaintiffs' assertions.

- Paragraph 17 in whole.  The source of Plaintiffs' fact is Defendant's employees and opposition was not supported by a Rule 56(f) affidavit.
- Paragraph 18 in whole.  CMU disputes the fact as stated. The fact is about a statement made to CMU. CMU fails to provide a factual basis for it's "as stated" dispute and opposition was not supported by a Rule 56(f) affidavit.

A denial based simply upon lack of information or belief in a concise statement is not treated as a denial. If the opposing party is unable to provide evidence in support of its denial of fact it must file an affidavit pursuant to Federal Rules of Civil Procedure, Rule 56(f) explaining why it cannot adequately oppose the motion. FED. R. CIV. P 56(e).  Defendant has not filed such an affidavit.  Therefore, genuine issue of material fact is lacking without filing a Rule 56(f) affidavit as required by the Federal Rules.  The use of general "without knowledge" denials is inconsistent with both the Local Rules and the Federal Rules.

Therefore, Plaintiffs' Motion to Strike based upon Defendant's use of general lack of knowledge denials will be granted in part. Plaintiffs' request to Strike Carnegie Mellon's Responsive Statement of Material Facts located at document number

81 will be denied. Paragraph 11 contains a legal conclusion, and therefore this "fact" will be disregarded.  The statements contained within paragraph 3, 5, 9, 13, 17, and 18 will be deemed undisputed because of Defendant's use of general "lack of knowledge" denials without citing competent evidence to support its assertion that these items contain disputed facts, as required by the Local Rules or providing an affidavit as required by the Federal Rules.

**IV. Objections based upon Federal Rules of Evidence**

Evidence that will be inadmissible at trial can not be considered when ruling on a motion for summary judgment.  See Pamintuan v. Nanticoke Memorial Hospital, 192 F.3d 378, 388 (3d Cir. 1999).

Plaintiffs' Motion to Strike asserts two separate objections to the admissibility of the documents cited by Defendant in support of its opposition to the Plaintiffs' Motion for Summary Judgment.  The first assertion is that some of the proffered exhibits are not authenticated.  The second assertion is that some of the proffered exhibits are hearsay, while others contain multiple layers of hearsay. These objections seek to strike twenty-nine exhibits contained in Defendant's Appendix to its Responsive Concise Statement of Fact. (Doc. #82).

## A. Authentication

The Third Circuit Court has held that authentication under the Federal Rules of Evidence requires only a "foundation from which a fact-finder could legitimately infer that the evidence is what its proponent claims it to be." In re Japanese Electronic Products Antitrust Litigation, 723 F.2d 238, 285 (3d Cir. 1983), *rev'd on other grounds*, 475 U.S. 574 (1986). Authentication is controlled by the Federal Rules of Evidence, Rule 901 which provides that "authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." FED. R. EVID. 901(a).  Further, the Federal Rules of Evidence allow authentication by unlimited means, including testimony of witness with knowledge, or based upon distinctive characteristics such as "appearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances." FED. R. EVID. 901(b).

Defendant seeks to authenticate the challenged documents by party-opponent production, deposition testimony and affidavits. Plaintiffs challenged the authentication of twenty-one documents which they produced to Defendant during discovery. Defendant argues that the production of these documents by Plaintiffs is a reliable basis for authentication, and in support

of this argument cited applicable case law to this end.
Plaintiffs countered this argument by asserting that when the
author is a third party, production by a party-opponent is not a
sufficient basis for authentication. Plaintiffs have not disputed
that they produced documents 8, 15, 17, 20, 25-31, 39, 41, 44,
57-61, and 68.

Plaintiffs' argument is unsupported. Authentication
evaluates the genuineness of a document, not its admissibility.
See Orr v. Bank of America, NT & SA, 285 F.3d 764, 776 (9th Cir.
2002).  The proponent of evidence sufficiently authenticates a
document by presenting evidence that demonstrates that the
proffered document is what its proponent claims it to be. In re
Grey, 902 F.2d 1479 (10th Cir. 1990), and FED. R. EVID. 901(a).
This does not require the author to authenticate a document, but
other facts and circumstances can provide ample basis for
authentication.  See FED. R. EVID. 901(b). Plaintiffs produced
twenty one of the documents challenged, and therefore have
attested to the authenticity of the documents. The issue of third
party authorship is better characterized as a hearsay objection,
and will be addressed under that heading.

Therefore, these documents were authenticated by
Plaintiffs' production during discovery. See generally United
States v. Doe, 465 U.S. 605, 614 n.13 (1984), United States v.

Lawrence, 934 F.2d 686, 870-72 (7th Cir. 1991), and United States
v. Brown, 688 F.2d 1112, 1114-15 (7th Cir. 1982).

The remaining documents challenged on authenticity
grounds are exhibits 6 (an e-mail from Beekhuizen to Purta), 11
(an e-mail between Beekhuizen and Portnoff), 12 (two letters,
Cowhig to Bouriez and Grayson to Bouriez), 19 (an e-mail from
Grayson to Grayton), 23 (a memorandum from Portnoff to Purta and
Guzman), 24 (a letter from Grayson to Bouriez), 56(an e-mail from
Cowhig to Bouriez), 63 (an e-mail from Pinter to Bouriez and
others), 66 (meeting minutes from a meeting held on May 2, 2001
prepared by Pinter with Bouriez, Brassert and Blutcher in
attendance) and the expert report of Dr. Kingston which was not
submitted as an exhibit, but was referred to in Defendant's
brief.

Defendant argues that exhibits 6, 19, 24 and 56 are
admissible because these documents were produced by GTC in
companion arbitration and markings identify the documents as
belonging to GTC.  GTC is not a party to this case, and Defendant
offered no other basis other than the document's relationship to
GTC to authenticate these documents. See Owners Ins. Co. v.
James, 295 F.Supp.2d 1354 (N.D.Ga. 2003) (Responses to discovery
interrogatories that were filed in separate action and were not
verified were inadmissible to raise issue of fact in opposition
to summary judgment motion); and See Orr v. Bank of America, 285

14

F.3d 764, 777 (9th Cir. 2002)(Exhibit not authenticated by its
production in a related case). Therefore, the alleged fact of
production in another case by a non-party does not establish
authentication. Defendant notes that the documents have control
numbers from GTC, however, these internal markings do not provide
any basis for authentication of the documents.  The mere
assertion that control numbers are those of a non-party, does not
establish authenticity.  Exhibits 6 and 19 have not been
authenticated because they are communications between non-
parties, and Defendant has not produced the affidavits it
promised.  Therefore, these exhibits will be stricken.  Further,
although exhibits 24 and 56 were received by Bouriez, they could
have been authenticated by affidavits by their authors, and no
such affidavits were provided to the Court.  Therefore, exhibits
24 and 56 will be stricken.

        Exhibits 11 and 23 were authenticated by affidavit, but
not by Bouriez' relationship with the authors of the documents.
Defendant has provided no authority for establishing authenticity
simply through the Plaintiffs' relationship to a document's
author. Again, GTC is not a party to this case. Defendant has not
demonstrated how the author's status vis-a`-vis Bouriez alone
establishes that the documents are authentic. As such, this
portion of Defendant's argument will be disregarded as
unsupported.  The affidavits submitted to support these documents

15

provide the sole remaining basis for authentication.   Defendant produced an affidavit from the recipient of exhibit 11, and the author of exhibit 23, Marc Portnoff. Therefore, these documents have been authenticated.

Exhibits 12, 66, and the expert report of Dr. Kingston were also challenged on authenticity grounds. Exhibit 12 contains letters received by Bouriez, which were authenticated by Bouriez deposition testimony on pages 253-54 of volume II of Bouriez' deposition held on November 10, 2004.  Although Bouriez never clearly stated that he received the letters, he discussed the content of the letters as if he had received them.   Therefore, his testimony supports the authentication of exhibit 12.   Exhibit 66 contains meeting minutes from a "meeting in Paris" on May 2, 2001 prepared by Pinter with Bouriez, Brassert and Blutcher in attendance. The authentication of this document was offered through the deposition testimony of Jean Francois Saglio. Although Saglio's deposition testimony clearly identifies the document located at exhibit 66, and states that Saglio received the document from Brassert, an attendee, the testimony does not provide a basis to show that the document is in fact a copy of the meeting minutes. Saglio's testimony does not provide a basis for authentication due to his own personal knowledge of the contents of the document or the meeting which the document purportedly memorialized. "A document can be authenticated by a witness who wrote it, signed it, used it, or saw others do so."

16

Orr v. Bank of America, 285 F.3d 764, 774 (9th Cir. 2002). Saglio testified that he received the document from Brassert and it contained the "story of CMRI."  Such testimony does not establish that Saglio wrote or signed the document, or saw others do so. To the extent that Saglio used the document as a notepad, it has been authenticated. Otherwise, a prima facie case of genuineness has not been established.

Finally, an expert report of Dr. Kingston has been authenticated by an affidavit submitted in response to Plaintiffs' objection.  The court has the discretion to allow an affidavit to be submitted in this fashion, and therefore, the report of Dr. Kingston has been authenticated.

Therefore, Plaintiffs' Motion to Strike on authentication grounds is hereby granted as to exhibits 6, 19, 24, 56 and 66 in part, but denied as to exhibits 8, 15, 17, 20, 25-31, 39, 41, 44, 57-61, 66 in part, and 68.

### B. Hearsay

The documents which were the subject of Plaintiffs' Motion to Strike based upon authentication are also objected to on the basis of hearsay. Although a document is authenticated, the statements contained within the documents may be inadmissible due to the application of the rule which prohibits the use of hearsay evidence.  Hearsay is any statement offered for the truth of the statement or matter asserted. FED. R. EVID. 801.  A statement offered for its truth is inadmissible, unless it falls

17

under a recognized exception to the prohibition against hearsay. See Id. Non-hearsay statements are statements offered for a purpose other than the truth of the statement's contents, and such statements are fully admissible for that intended purpose. Id.

In this case, twenty-nine exhibits, the expert report of Dr. Kingston, and statements allegedly made by Mr. Yates based upon a business plan are objected to based upon hearsay. Further, exhibits 23-25, 44, 56 and 68 have been objected to based upon asserted multiple layers of hearsay.

Defendant responded to these hearsay objections by stating that "[t]he Third Circuit [Court of Appeals] has explained repeatedly that 'hearsay statements can be considered on a motion for summary judgment if they are capable of admission at trial.'" (Doc. #86 at 7, quoting Shelton v. University of Medicine & Dentistry of New Jersey, 223 F.3d 220, 223 n.2 (3d Cir. 2000) (citations omitted)).  Defendant further asserts that it "is not now necessary to dissect each line of each exhibit to determine exactly the mechanism by which certain statements can be made admissible at trial." (Doc. #86 at 8).  Additionally, Defendant stated that it "intends to produce witnesses at trial to testify regarding their statements as necessary. (Id.) Additionally, many of the subject statements will be admissible, either as exceptions to the hearsay rule or because they are not offered for the truth of the matter asserted." (Id.)  Finally,

18

Defendant asserts that the oral statements of Mr. Yates can be
considered because "they can be reduced to admissible evidence at
trial under various exceptions to the hearsay rule." (Id. at 8,
n. 11.) In sum, Defendant argues that it's assertion that the
statements will be admissible at trial, alone, is sufficient at
the summary judgment stage to allow the challenged hearsay
statements to be considered by the court.

  The Eastern District of Pennsylvania concisely
summarized the law in this area in <u>Robinson v. Hartzell Propeller
Inc</u>.:

> Evidence in support of motion for summary
> judgment must be in a form as would be
> admissible at trial and thus must be
> reducible to admissible evidence. However,
> the Supreme Court has rejected the view
> that the nonmoving party must produce
> evidence in a form that would be admissible
> at trial in order to avoid summary
> judgment. Evidence that is capable of being
> admissible at trial can be considered on a
> motion for summary judgment. Thus, the
> Court may consider evidence that is not
> admissible in the submitted form if the
> party offering the evidence could satisfy
> the applicable admissibility requirements
> at trial. For example, hearsay evidence
> produced in an affidavit opposing summary
> judgment may be considered if the
> out-of-court declarant could later present
> that evidence through direct testimony,
> i.e. in a form that would be admissible at
> trial.

326 F.Supp.2d 631, 645 (E.D.Pa. 2004) (citations omitted)(quoting
<u>Williams v. West Chester</u>, 891 F.2d 458, 466 (3d Cir. 1989),

Celotex Corp. v. Catrett, 477 U.S. 317, 327(1986), and Philbin v.
Trans Union Corp., 101 F.3d 957, 961 (3d Cir. 1996).

         Defendant has not cited any authority for its argument
that a blanket assertion that it will provide witnesses at trial
defeats a hearsay objection at the summary judgment stage.
Controlling authority does not suggest that an attorney's
statement that many of the documents will be admissible defeats a
hearsay objection. In fact, the cases suggest that a showing of
who will testify and the subject of the witness's testimony is
required to defeat a hearsay objection.  "Hearsay evidence
produced in an *affidavit* opposing summary judgment may be
considered *if the out-of-court declarant could later present that
evidence through direct testimony.*"   See Robinson, 326 F.Supp.2d
at 634. "[T]he mere possibility that hearsay statement will be
presented in form of admissible evidence at trial does not
warrant consideration of hearsay evidence at summary judgment
stage."  Henry v. Colonial Baking Co. of Dothan, 952 F.Supp. 744,
750 (M.D.Ala. 1996). Defendant has not offered any showing in
opposition to the hearsay objection beyond the statement that
"many of the subject statements will be admissible..." nor cited
any authority for its argument that its statement that its will
provide witnesses at trial overcomes a hearsay objection to the
evidence presented in opposition to a motion for summary
judgment. (See Doc. #86 at 8).

Further, it is well-established that "only evidence which is admissible at trial may be considered in ruling on a motion for summary judgment." Countryside Oil Co., Inc. v. Travelers Ins. Co., 928 F.Supp. 474, 482 (D.N.J. 1995); see also Pamintuan v. Nanticoke Mem. Hosp., 192 F.3d 378, 388 (3d Cir. 1999). The Federal Rules of Civil Procedure provide that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any..." can be considered when deciding a motion for summary judgment. See Fed.R.Civ.Pro. 56(c). Absent from this list of evidence is documentary evidence produced during discovery.  Rule 56(e) of the Federal Rules of Civil Procedure requires that affidavits submitted in support of a summary judgment motion be made based upon personal knowledge, set forth facts that would be admissible in evidence, and show affirmatively that the affiant is competent to testify to such matters.  FED. R. CIV. P. 56(e). An affidavit is one of many ways that documentary evidence is authenticated for admissibility. See FED. R. CIV. P.  901. Seemingly, if documents are authenticated by affidavit, the documents are not just authenticated, but the contents of the documents are capable of admission by witness testimony as to the truth of the contents. Conversely, if a document is authenticated by different means, the contents of the documents will be admissible only if a subscribing witness is able to testify competently as to the content of the document over a hearsay objection.

21

Neither party has directed the Court's attention to any authority regarding the burden of proof at the summary judgment stage when documentary evidence is challenged by a hearsay objection. A cursory review of the applicable case law reveals that this issue is not often evaluated in published decisions. It is clear that when considering a motion for summary judgement, a court may only consider evidence which is admissible at trial, and that a party can not rely on hearsay evidence when opposing a motion for summary judgment.  See Buttice v. G.D. Searle & Co., 938 F.Supp. 561 (E.D.Mo. 1996).  Additionally, a party must respond to a hearsay objection by demonstrating that the material would be admissible at trial under an exception to hearsay rule, or that the material is not hearsay. See Burgess v. Allstate Ins. Co., 334 F.Supp.2d 1351 (N.D.Ga. 2003). The mere possibility that a hearsay statement will be admissible at trial, does not permit its consideration at the summary judgment stage. Henry v. Colonial Baking Co. of Dothan, 952 F.Supp. 744 (M.D.Ala. 1996). Further, e-mail correspondence and letters have been deemed inadmissible hearsay on a motion for summary judgment when offered as proof of the matter it asserted, or when not supported by an affidavit. See Stone and Michaud Ins., Inc. v. Bank Five for Sav., 785 F.Supp. 1065, 1069(D.N.H. 1992), and Nokes v. U.S. Coast Guard, 282 F.Supp.2d 1085 (D.Minn. 2003).

Therefore, due to Defendant's failure to establish that the alleged hearsay statements could be admissible at trial,

Plaintiffs' Motion to Strike on hearsay grounds will be granted
in part. All documents unsupported by affidavit, including the
statements of Mr. Yates, and exhibits 6, 8, 15, 17, 19, 20, 24-
30, 31, 39, 41 in part, 44, 56, 57-61, and 63 will be stricken on
hearsay grounds. Exhibit 41 includes three emails authored by
Bouriez, which are admissible as admissions of a party-opponent
and one response authored by Osborne Mills Jr., which is not
admissible as a party-opponent admission, nor shown to be
admissible under another exception by Defendant.  As such, this
portion of the email will be stricken.  Exhibits 11 in part, 12
and 66 will likewise be stricken, although supported by
deposition testimony because the testimony does not provide the
required showing that the individual has personal knowledge of
the truth or accuracy of the contents of the documents. Exhibit
66 consists of minutes of a meeting which were authenticated by
deposition testimony by a non-attendee, who merely stated that
the document was received by an attendee and given to him.
Exhibits 11 and 12 were authenticated by the testimony of the
recipients of the letters, however the truth of the statements
contained within can not be verified by an individual who merely
received the document. However, the sentence in exhibit 11 which
reads "Please take this email as a written authorization to
proceed" is not hearsay, and is admissible.  Finally, exhibit 23,
and Dr. Kingston's expert report are admissible hearsay because
the authors of these documents have submitted authenticating

23

affidavits. However, portions of exhibit 23 contain statements as
to what other individuals had said.  Therefore, all references to
the statements by Robert Beekhuizen and Arnold Yates are
inadmissible hearsay, as are the statements the author Portnoff
made to Beekhuizen and Yates which were then recorded in the
letter.  As no exception to the hearsay rule has been shown
regarding these memorialized conversations, all references to
these communications will be stricken.

        Defendant's objections to the documents stricken in the
original Memorandum Order based upon hearsay deserve mention.
First, Defendant relies on the United States Supreme Court case
Celotex Corporation v. Catrett which states that the "[n]onmoving
party need not produce evidence in a form that would be
admissible at trial in order to avoid summary judgment" to
support its assertion that documents can be evaluated on summary
judgment over a hearsay objection. Celotex Corporation v.
Catrett, 477 U.S. 317 (1986), see also Defendant's citation to
Williams v. Borough of West Chester, 891 F.2d 458, 466 n.12 (3d
Cir. 1990) (Doc. #99 at 2).  However, Defendant failed to address
the entire statement made by the Celotex Court:

                We do not mean that the nonmoving party must
        produce evidence in a form that would be
        admissible at trial in order to avoid summary
        judgment. Obviously Rule 56 does not require
        the nonmoving party to depose her own
        witnesses.  Rule 56(e) permits a proper
        summary judgment motion to be opposed by any
        materials listed in Rule 56(c), except the

24

> mere pleadings themselves, and it is from
> this list that one would normally expect the
> nonmoving party to make the showing ... [that
> specific facts show that there is a genuine
> issue for trial].

447 U.S. at 324. Further, the Supreme Court noted that the Court

of Appeals had not addressed the adequacy of the nonmoving

party's opposition to the motion for summary judgment or "the

question whether such a showing, *if reduced to admissible*

*evidence* would be sufficient to carry the [nonmovant's] burden at

trial." Id. at 327 (emphasis added). Defendant's limited citation

to the discussion of Celotex by the Court of Appeals for the

Third Circuit in Williams was misplaced.[9]  The Supreme Court's

ruling in Celotex is in direct conflict with the Defendant's

position because the Court remanded to the Court of Appeals the

determination of whether the nonmoving party's evidence was

admissible for summary judgment.[10] See Id. Therefore, Celotex

does not support Defendant's argument that the Court must

---

[9] The statements made by the Williams Court involved
the consideration of deposition testimony at summary judgment.
See Williams, 891 F.2d at 466 n.12.

[10] Notably, the items which were submitted to oppose
summary judgment were objected to on hearsay grounds and included
a transcript of a deposition of the decedent, a letter by a non-
party, and a letter from a former employer who was intended to be
called as a trial witness. The Supreme Court did not rule these
items of evidence per se admissible, but remanded for a
determination of whether the nonmovant had met her burden to
overcome the summary judgment motion. See Id at 320, 327.

consider hearsay evidence based upon the proponent's assertion that it will offer admissible evidence at trial.

Second, Defendant provides a string citation to support its assertion that "where the declarant of the out of court statement could appear at trial to testify, courts properly consider the evidence on summary judgment." (Doc. #91 at 4). Every case cited by Defendant has been reviewed by this Court. Several allowed an out of court statement to be considered, but the statements were supported by a sworn affidavit or by deposition testimony. (See J.F. Feeser, Inc. V. Serv-A-Portion, Inc., 909 F.2d 1524, 1592 (3d Cir. 1990), Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co., Inc., 998 F.2d 1224, 1234 n. 9 (3d Cir. 1993), and Williams v. Borough of West Chester, Pennsylvania, 891 F.2d 458 (3d Cir. 1990)). Other cases considered documents which were authored by a party opponent, and therefore qualified as non-hearsay admissions of a party opponent. (See Thompson v. AT&T Corp., 371 F.Supp.2d 661, 681 n.6 (W.D. Pa. 2005) and Shelton v. University of Medicine and Dentistry of New Jersey, 233 F.3d 220, 223 n.2 (3d Cir. 2000)).

Defendant's citation to Stelwagon Mfg. Co. V. Tarmac Roofing Systems, Inc., 63 F.3d 1267, 1275 n. 17 (3d Cir. 1995) does not support its assertion, but in fact suggests the opposite.  In Stelwagon, the Third Circuit Court discussed a hearsay objection at trial, and noted that:

the district court's reliance on *Feeser* in
admitting the customer statements was
misplaced. Although in *Feeser* we concluded
that the district court erred in excluding
similar anecdotal evidence, we did so in the
context of *an appeal from a summary judgment*
*proceeding. Our de novo review of the*
*depositions revealed that Feeser had offered*
*sufficient admissible evidence to meet the*
*burden of the nonmovant at summary judgment.*

63 F.3d at 1275 n. 17. (emphasis added).  The <u>Stelwagon</u> Court

concluded that "[b]ecause the statements properly could not have

been admitted in the first instance as proof of the fact of the

matter asserted, we believe the district court's reliance on them

as proof of actual antitrust damages... was in error."  <u>Id.</u> at

1274-75.  Thus, <u>Stelwagon</u> does not support Defendant's argument.

Only two cases cited by Defendant could reasonably

support its argument.  The first case is <u>Offshore Aviation v.</u>

<u>Transcon Lines, Inc.</u>, which states:

Consideration of the letter does not turn on
admissibility at trial but on availability
for review. The letter came before the
district court *as an attachment to a*
*deposition* from a representative of [a non-
party] Singapore Airlines, and any material
and unresolved issue it posits must preclude
summary judgment. At a minimum, the trial
court "should articulate its treatment" of
the letter.

831 F.2d 1013, 1015-16 (11th Cir. 1987)(citations

omitted)(emphasis added). However, this precedent was discussed

in <u>International Ship Repair and Marine Services, Inc V. St. Paul</u>

<u>Fire and Marine Insurance Company</u>, 906 F.Supp. 645 (M.D.Fla.

27

1995). The Middle District of Florida applied the <u>Offshore</u>

precedent with reservations, stating that:

> Accordingly, it seems as though the Court, in
> this circuit, should consider inadmissable
> evidence in opposition to summary judgment.
> However, the Court understands <u>Celotex</u> to
> require information presented in opposition
> to summary judgment to be substantively
> admissible, even if the actual form of the
> information is not. ... In <u>Celotex</u>, the
> Supreme Court emphasized the importance of
> granting summary judgment where appropriate
> as "an integral part of the Federal Rules as
> a whole, which are designed to secure the
> just, speedy and inexpensive determination of
> every action. " If courts allowed parties to
> raise inadmissible evidence in opposition to
> a motion for summary judgment, it would
> severely limit the courts' ability to grant
> summary judgment. Therefore, courts should
> avoid considering inadmissible evidence as a
> practice that is contrary to the purpose
> behind the Federal Rules of Civil Procedure.
> Furthermore, this Court finds that requiring
> the submission of admissible evidence, in
> opposition to a motion for summary judgment,
> is in accord with the Federal Rules of Civil
> Procedure and the Supreme Court's holding in
> <u>Celotex</u>. In <u>Celotex</u>, the Court stated that
> "[i]n opposing a motion for summary judgment,
> the nonmovant must make a showing that, if
> reduced to admissible evidence, would be
> sufficient to carry the nonmovant's burden of
> proof at trial." This Court understands the
> Supreme Court to mean that whatever form the
> information takes, it must still be
> admissible at trial. However despite this
> understanding, the Court is bound to follow
> what appears to be the precedent set by the
> Eleventh Circuit.

906 F.Supp. at 648-49. It would seem that Judge Kovachevich Of

the Middle District addressed the problems with the adoption of

<u>Offshore</u> so succinctly, that further analysis is unnecessary,

28

especially because the Court of Appeals for the Third Circuit has not taken a similar stance.

The second case cited by Defendant which could be interpreted to support its position is <u>Bushman v. Halm</u>, 798 F.2d 651 (3d Cir. 1986).  Defendant cite a footnote in <u>Bushman</u> to support its argument that "in meeting the issues raised by a Rule 56 motion, the nonmoving party is not obligated to produce rebuttal evidence which would be admissible at trial." (Doc. # 99 at 3, citing <u>Bushman</u>, 798 F.2d at 654 n.5).  However, the lack of any express holding by the Third Circuit Court of Appeals in the twenty years since the <u>Bushman</u> and <u>Celotex</u> cases were decided is convincing that the Eleventh Circuit approach has not been adopted and the footnote is not an express holding.

Therefore, Plaintiffs' Motion to Strike exhibits on the basis of hearsay will be granted as to the statements made by Mr. Yates and exhibits 6, 8, 11 in part, 12, 15, 17, 19, 20, 23 in part, 24-30, 31, 39, 41 in part, 44, 56, 57-61, 63 and 66, but denied as to the expert report of Dr. Kingston and exhibit 11's statement of authorization, parts of exhibit 41 authored by Bouriez, and 23 excluding only the statements that repeat what other individuals had said.

## ORDER

AND NOW, this 27th day of July, 2005;

29

IT IS HEREBY ORDERED that Plaintiffs' Motion to Strike Filings in Opposition to Plaintiffs' Motion for Summary Judgment is denied in part and granted in part as follows:

Plaintiffs' Motion to Strike based upon Defendant's general lack of knowledge denials to facts which are supported by the record is granted in part. Plaintiffs' request to Strike Carnegie Mellon's individual statement of material facts located at document number 81 is denied. However, the statements contained within paragraph 3, 5, 9, 13, 17, and 18 will be deemed undisputed because of Defendant's use of general "lack of knowledge" denials without citing competent evidence to support its assertion that these items contain disputed facts without providing a Rule 56(f) affidavit as required by Federal Rules of Civil Procedure.

Plaintiffs' Motion to Strike on authentication grounds is granted as to exhibits 6, 19, 24, and 56 but denied as to exhibits 8, 15, 17, 20, 25-31, 39, 41, 44, 57-61, 66, 68 and the expert report of Dr. Kingston.

Plaintiffs' Motion to Strike exhibits on the basis of hearsay is granted as to the statements made by Mr. Yates and exhibits 6, 8, 11 in part, 12, 15, 17, 19, 20, 23 in part, 24-30, 31, 39, 41 in part, 44, 56, 57-61, 63 and 66 but denied in part as to exhibit 11, 23 and 41 and in whole regarding the expert report of Dr. Kingston.

IT IS FURTHER ORDERED that Defendant's Motion to Strike Plaintiffs' Motion to Strike Filings in Opposition to Plaintiffs' Motion for Summary Judgment be denied.

                                    S/  IJS
                          _____
                          ILA JEANNE SENSENICH
                          United States Magistrate Judge


Dated: August 26, 2005

cc:    David J. Laurent, Esq.
       BABST, CALLAND, CLEMENTS AND ZOMNIR, P.C.
       Two Gateway Center
       Pittsburgh, PA 15222

       James A. Vollins, Esq.
       SQUIRE, SANDERS & DEMPSEY
       127 Public Square
       4900 Key Tower
       Cleveland, OH 44114-1304

       George E. Yokitis, Esq.
       Mindy Shreve, Esq.
       DEFOREST KOSCELNIK YOKITIS & KAPLAN
       Koppers Building, 30th Floor
       436 Seventh Avenue
       Pittsburgh, PA 15219